In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-2555

GARY WILLIAMS,

*Plaintiff-Appellee*,

*v.*

ROHM AND HAAS PENSION PLAN,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Indiana, New Albany Division.
No. 04 CV 78—**Sarah Evans Barker**, *Judge*.

ARGUED JUNE 6, 2007—DECIDED AUGUST 14, 2007

Before RIPPLE, KANNE, and EVANS, *Circuit Judges*.

KANNE, *Circuit Judge*. Gary Williams filed suit, individually and on behalf of all others similarly situated, alleging that the Rohm and Haas Pension Plan (Plan) violated the Employee Retirement Income Security Act (ERISA) by failing to include a cost-of-living adjustment (COLA) in his lump sum distribution from the Plan. 29 U.S.C. § 1054(c)(3). The district court granted class certification and entered summary judgment for Williams. The district court concluded that the terms of the Plan violated ERISA because the COLA was an accrued benefit as ERISA defines that term. We agree, and therefore affirm the judgment of the district court.

**I. BACKGROUND**

The Plan is a defined benefit pension plan under § 3(35) of ERISA. 29 U.S.C. § 1002(35). Section 3.1 of the Plan defines "Accrued Benefit" as "that portion of a Participant's Basic Amount of Normal Retirement Pension, expressed in terms of a monthly single life annuity beginning at or after his Normal Retirement Date, that has accrued as of any determination date in accordance with Article VII." Article VII provides a formula to calculate the "Normal Retirement Pension" as a function of the participant's years of service and level of compensation. The accrued benefit, under the terms of the Plan, is thus the result of this formula, expressed in terms of a monthly single life annuity.

The Plan provides participants with a variety of payment options, as relevant here, either a one-time lump sum distribution or a monthly annuity payment. The Plan explains that the lump sum distribution is the actuarial equivalent of the accrued benefit, calculated using interest rates and mortality tables set by the Internal Revenue Code.

COLAs are commonly applied to annuities in order to account for inflation. With a COLA, an annuitant's payments will increase each year at a level commensurate with the calculated rate. The Plan calculates each year's COLA based upon the previous year's Consumer Price Index for Urban Wage Earners and Clerical Workers and limits each Participant's COLA to three percent of their annual benefit. The Plan describes the COLA as an "enhancement." While participants who choose to receive their pension payments as an annuity are automatically entitled to a COLA, those who choose a one-time lump sum payment do not qualify for the COLA enhancement.

Williams was employed by Rohm and Haas from 1969 until his termination in 1997. As a participant in the Plan,

he was entitled to his accrued benefit under the Plan upon his termination. Williams chose to receive his pension in a one-time lump sum distribution of $47,850.71. Six years later, Williams filed a class action suit against Rohm and Haas alleging that he was wrongfully denied benefits under the Plan because his lump sum distribution did not include the present value of the COLA he would have received had he chosen to receive his pension in the form of monthly annuity payments. The district court dismissed the complaint because Williams had not exhausted his administrative remedies. Williams exhausted the administrative process, to no avail, and filed the instant case in 2004.

After granting class certification for former Plan participants who had received lump sum distributions without COLAs, the district court denied the Plan's motion for summary judgment and granted Williams's motion for summary judgment.

## II. ANALYSIS

The issue before us is whether the Plan's COLA falls within ERISA's definition of "accrued benefit." If so, then the Plan violates ERISA by providing COLAs to participants who opt for annuity payments but denying COLAs to participants who opt for one-time lump sum distributions. 29 U.S.C. § 1054(c)(3). We review the district court's grant of summary judgment *de novo*, viewing all facts in the light most favorable to the non-moving party. *Sperandeo v. Lorillard Tobacco Co., Inc.*, 460 F.3d 866, 870 (7th Cir. 2006) (citing *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 631 (7th Cir. 2004)); *see also Silvernail v. Ameritech Pension Plan*, 439 F.3d 355, 357 (7th Cir. 2006) (noting that, notwithstanding discretion afforded a plan administrator, claims that the plan as interpreted violates ERISA are reviewed *de novo*). Summary judgment is

proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

The parties agree that the plain terms of the Plan exclude the COLA from a participant's accrued benefit. Therefore, we need only decide whether this formulation complies with ERISA's requirements. ERISA and the Internal Revenue Code prescribe that if a defined benefit pension plan allows for a lump sum distribution, then that distribution must equal the present value of the accrued benefit expressed in the form of a single-life annuity. 29 U.S.C. § 1054(c)(3); 26 U.S.C. § 411(c)(3); 26 C.F.R. § 1.417(e)-1(d). We recognized this limitation in *Berger v. Xerox Corp. Ret. Income Guarantee Plan*, where we stated: "ERISA requires that any lump-sum substitute for an accrued pension benefit be the actuarial equivalent of that benefit." 338 F.3d 755, 759 (7th Cir. 2003) (citing 29 U.S.C. § 1054(c)(3); *May Dept. Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 600 (7th Cir. 2002); *Esden v. Bank of Boston*, 229 F.3d 154, 164, 173 (2d Cir. 2000)); *see also Call v. Ameritech Mgmt. Pension Plan*, 475 F.3d 816, 817 (7th Cir. 2007) ("When a participant in a defined-benefit pension plan is given a choice between taking pension benefits as an annuity or in a lump sum, the lump sum must be so calculated as to be the actuarial equivalent of the annuity.").

So, what is an "accrued benefit" under ERISA? The Plan urges us to interpret "accrued benefit" to mean whatever the particular plan document says it means. Indeed, it finds support for this interpretation in ERISA § 2(23)(A): "The term 'accrued benefit' means— . . . the individual's accrued benefit determined under the plan and . . . expressed in the form of an annual benefit commencing at normal retirement age." 29 U.S.C. § 1002(23)(A). ERISA itself directs us to look at the individual plan's terms in order to discern the accrued benefit. *See Bd. of Trs. of*

*the Sheet Metal Workers' Nat'l Pension Fund v. Comm'r*, 318 F.3d 599, 602-03 (4th Cir. 2003). Under ERISA, "private parties, not the Government, control the level of benefits" provided to pension plan participants. *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 511 (1981).

Williams acknowledges that we must look to the individual plan document to determine what the "accrued benefit" is in any given case, but argues that ERISA does not accept the document's definition. Rather, the "accrued benefit" is that benefit a participant would be entitled to if he chose to receive it in the form of a single-life annuity, thus, forcing parity between annuity and lump sum distributions. In this case, the Plan considers the COLA to be an enhancement that is awarded to annuitants, over and above the accrued benefit. Under Williams's interpretation of ERISA, we simply ask: What would Williams get if he chose to receive his pension in annuity payments? The annuity, calculated based upon his years of service and compensation, plus the yearly COLA. That is the accrued benefit. Williams's lump-sum payment would then be the combined present value of the annuity and projected COLA.

We considered a very similar issue in *Hickey v. Chicago Truck Drivers, Helpers and Warehouse Workers Union*, 980 F.2d 465 (7th Cir. 1992). In *Hickey*, a plan terminated without providing funding for future COLAs. We held that the COLA was part of the accrued benefit and, as such, its elimination violated ERISA's anti-cutback provision. *Id.* at 470; *see* 29 U.S.C. § 1054(g)(1). In reaching our decision, we distinguished accrued benefits from ancillary benefits. *Id.* at 468 (citing H.R. Conf. Rep. No. 1280, 93d Cong., 2d Sess. 60, *reprinted in* 1974 U.S.C.C.A.N. 5038, 5054). Ancillary benefits are those that would be provided by a new employer, separate from any benefits provided by the current employer, such as health or life insurance.

*Id.* (citing H.R. Rep. No. 807, 93d Cong., 2d Sess. 60, *reprinted in* 1974 U.S.C.C.A.N. 4670, 4726). "In contrast, the COLA [is] inseparably tied to the monthly retirement benefit as a means for maintaining the real value of that benefit. It [cannot], therefore, be said to be ancillary to the benefit, and it would not be provided by a new employer." *Id.*

Accordingly, we stated that "[t]he term 'accrued benefit' has a statutory meaning, and the parties cannot change that meaning by simply labeling certain benefits as 'accrued benefits' and others, such as the COLA, as 'supplementary benefits.'" *Id.* at 468. But this is precisely what the Plan has attempted to do in this case. It seeks to disguise a penalty exacted against lump sum recipients as a bonus afforded to annuitants. In fact, it appears that the Plan attempted to write around ERISA's limits by explicitly excluding the COLA from lump sum distributions after learning of a district court case holding that a COLA is, *per se*, an accrued benefit under ERISA. *See Laurenzano v. Blue Cross & Blue Shield of Mass., Inc. Ret. Income Trust*, 134 F. Supp. 2d 189 (D. Mass. 2001).

The Plan argues that the district court's decision penalizes it for providing an enhanced benefit to annuitants, and that such a penalty is contrary to the purposes of ERISA. In support of this argument, the Plan relies primarily on the Fourth Circuit's opinion in *Sheet Metal Workers*, quoting: "[I]f trustees of ERISA plans knew that providing an additional benefit to already-retired employees for a given year would lock that benefit in as a floor for all future years, they would be less likely to increase benefits gratuitously in years when the plans were particularly flush." Appellant's Br. p. 24 (quoting 318 F.3d at 605). The key to the quoted passage is that the participants were "already retired." The COLA in that case was in no way "accrued" because it was not

included in the plan during the term of the participants' employment. *Sheet Metal Workers*, 318 F.3d at 601. Employers are not required to provide pension benefits, but when they do, their plans must comply with ERISA, and the promises they make can in no way be considered mere gratuities. *See May Dept's Stores Co.*, 305 F.3d at 601.

The Plan cannot avoid that which is dictated by the terms of ERISA. While ERISA generally allows each plan to select the monetary amount of benefits provided, it remains a paternalistic regulation designed to restrict the freedom of contract. *Id*. *Hickey* held that a COLA applied to a defined benefit pension plan annuity is an accrued benefit under ERISA, and that holding is determinative in this case. The Plan, as administered, violates ERISA. 29 U.S.C. § 1054(c)(3). If a defined benefit pension plan entitles an annuitant to a COLA, it must also provide the COLA's actuarial equivalent to a participant who chooses instead to receive his pension in the form of a one-time lump sum distribution.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED; and this case is REMANDED to the district court for further proceedings, including calculating the value of the COLAs that were denied.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*